William H. Dillon, Appellant, *v.* Philadelphia Fire Department and Commonwealth of Pennsylvania.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*George A. D'Angelo,* with him *Truscott and Erisman,* for appellant.

*James J. Kerwick,* with him *Joseph F. Strain* and *Anthony Witlin,* for appellee, Philadelphia Fire Department.

*David A. Ody,* Assistant Attorney General, for appellee, Commonwealth.

OPINION BY JUDGE ROGERS, June 9, 1976:

William H. Dillon, a former Philadelphia fireman, has appealed from an order of the Court of Common Pleas of Philadelphia County reversing an award of benefits by the Workmen's Compensation Appeal Board under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

Section 108(o) of The Pennsylvania Occupational Disease Act, 77 P.S. §1208(o), provides benefits in the case of: "Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such firemen. The Commonwealth shall pay the full amount of compensation for disability under this clause."

The Civil Service Commission of Philadelphia placed Mr. Dillon on disability retirement with pension on May 6, 1969 after finding, on the basis of medical reports, that he suffered bronchitis and emphysema connected with his firefighting service which rendered him unable to perform the full duties of his employment from and after February 28, 1968. Mr. Dillon took up part-time employment as a pari-mutuel clerk but collapsed at his place of work on August 31, 1971. He testified that he was unable to do any work after this occurrence. Mr. Dillon filed a claim petition

for occupational disease benefits on April 19, 1972, about eight months after, as he contends, he became totally disabled, but about 34 months after the Civil Service Commission placed him on disability retirement. The record clearly establishes that Mr. Dillon knew that he was partially disabled from lung disease at the time he was retired.

Section 315 of the Act, 77 P.S. §1415, provides pertinently as follows: ''In cases of disability all claims for compensation shall be forever barred, unless, within sixteen months after compensable disability begins, the parties shall have agreed upon the compensation payable under this article, or unless, within sixteen months after compensable disability begins, one of the parties shall have filed a petition as provided in article four hereof. . . .''

The Commonwealth's Department of Labor and Industry has contended throughout these proceedings that Mr. Dillon's claim is barred by Section 315 because he did not file a claim petition within sixteen months from the date he knew he was partially disabled.

The referee found that Mr. Dillon became totally disabled on January 8, 1968 and awarded compensation for total disability from that date. The finding is, of course, clearly contrary to the evidence. The referee's decision contains no mention of the bar of Section 315.

The Workmen's Compensation Appeal Board, as it has the power to do under The Pennsylvania Occupational Disease Act, set aside the referee's finding of total disability as of January 8, 1968, found that Mr. Dillon was partially disabled from that date until August 31, 1971 and totally disabled thereafter, and awarded compensation for partial disability from January 8, 1968 until August 31, 1971 and for total disability thereafter.

The court below, on the Commonwealth's appeal, construed Section 315 as requiring the filing of a claim petition within 16 months from the date of any compensable disability and concluded that Mr. Dillon's claim was barred because it was not filed until more than a year and a half after the statute had run.

The Workmen's Compensation Appeal Board and the court below both relied on the case of *Butler v. United States Steel Corporation,* 205 Pa. Superior Ct. 508, 211 A.2d 35 (1964), which held that the statute of limitations provided by Section 315 begins to run from the date the employee is disabled and definitely knows that he is totally disabled from anthracosilicosis. The Board viewed the facts as establishing that Mr. Dillon first had full knowledge of his "permanent disability" after his collapse on August 31, 1971. The lower court distinguished *Butler* on the ground that only total disability from anthracosilicosis is compensable, whereas partial as well as total disability is compensable under Section 108(o), and concluded that since Mr. Dillon failed to file his claim petition within 16 months from the time he knew he was partially disabled, any claim, whether for partial or total disability, was forever barred. We agree.

Recognizing that Section 315 of The Pennsylvania Occupational Disease Act is a statute of limitations, not one of repose like its counterpart of The Pennsylvania Workmen's Compensation Act[1] and according it the liberal construction the humanitarian objections of the legislation requires, we are nevertheless unable to find that the words "[i]n cases of disability all claims for compensation shall be forever barred unless within sixteen months after compensable disability be-

---

[1] *Ciabattoni v. Birdsboro Steel Foundry & Machine Company,* 386 Pa. 179, 125 A.2d 365 (1956) ; *Cf. Commonwealth v. Brown,* 16 Pa. Commonwealth Ct. 148, 329 A.2d 541 (1974).

gins . . . one of the parties shall have filed a petition'', means other than what it plainly says—that all claims for disability, whether partial or total, are barred unless the claimant shall have filed a petition within sixteen months from the time he definitely knew he was disabled, whether partially or totally. Since the record demonstrates and the Board found that Mr. Dillon knew he was disabled when the Civil Service Commission placed him on permanent disability status for this cause in May 1969, his claim filed in April 1972 was too late.

Our affirmance makes it unnecessary for us to decide whether the Board abused its discretion in refusing to take testimony regarding earnings from employment allegedly received by Mr. Dillon during 1973, a time during which he testified he was totally disabled.

Affirmed.

Judge KRAMER did not participate in the decision in this case.